**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **SOUTHERN PIPE & SUPPLY COMPANY,** | |
| *Plaintiff,* | |
| v. | CAUSE NO. 3:25-CV-420-CWR-LGI |
| **CHRIS WISEMAN,** | |
| *Defendant.* | |

### ORDER

Plaintiff filed a motion for Default Judgment. Docket No. 7. Despite receiving notice of this action through personal service, Defendant has not appeared in this case. As discussed below, Plaintiff's motion is granted in part and denied in part.

Plaintiff commenced this action on June 10, 2025. Docket No. 1. Defendant was served six days later. Docket Nos. 5-1 and 5-2. Defendant failed to file a responsive pleading. Nearly three months after Defendant's deadline to respond had passed, Plaintiff moved for entry of default on October 2, 2025, Docket No. 5, and the Clerk of Court entered default the next day, Docket No. 6. The present motion followed on October 10, 2025. Docket No. 7.

### Legal Standards

Default Judgement involves a three-step analysis. *Helena Agri-Enters., LLC v. Grand Oak Farms*, No. 3:23-CV-193, 2023 WL 7713645, at *3 (S.D. Miss. Nov. 15, 2023). First, the Court asks whether default judgment is procedurally warranted. *Id.* Second, "courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment." *J & J Sports Productions, Inc. v. Morelia Mex. Restaurant,*

1

*Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citing *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975)). Third, the Court considers what relief, if any, the movant should receive. *Id.*

### 1. Default Judgment is Procedurally Warranted

In the Fifth Circuit, application of the six factors enumerated in *Lindsey v. Prive Corp.* determines whether a default judgment is procedurally proper.

> Relevant factors include [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

161 F.3d 886, 893 (5th Cir. 1998) (bracketed numerals added); *see Helena Agri-Enters., LLC*, 2023 WL 7713645, at *3; *J & J Sports*, 126 F. Supp. 3d at 814.

First, Defendant has failed to file any responsive pleading. Therefore, there are no material facts in dispute. *See Lindsey,* 161 F.3d at 893; *Nishimatsu Constr.,* 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Second, Defendant's failure to appear prejudices Plaintiff's right to litigate the contractual dispute it pleaded. *Helena Agri-Enters., LLC,* 2023 WL 7713645, at *3 (noting that refusal to appear prejudices Plaintiff by "balking [Plaintiff's] right to litigate the breaches of contract it alleges"). Third, Plaintiff's motion for default contains the required affidavit of counsel, attesting due service of process. Docket Nos. 5-1 and 7-4. Therefore, the grounds for default are present. Fed. R. Civ. P. 55(a) (default shown "by affidavit or otherwise"). Fourth, Defendant has offered no excuse. The summons was personally served on Defendant. Docket No. 7-3. The Court finds that Defendant's failure to appear is willful. *See CJC Holdings, Inc. v.*

*Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). Fifth, Defendant's obstruction of the orderly resolution of Plaintiff's contract claims by refusing to appear or respond mitigates the harshness of default judgment. *See Whirlpool Corp. v. Shenzhen Lujian Tech. Co.*, No. 2:21-CV-00397, 2022 WL 1811371, at *2 (E.D. Tex. June 2, 2022) (harshness of default judgment mitigated by defendant's "failure to appear, or otherwise answer"). Sixth, based on the information presently available, the Court cannot see grounds to set aside the default, were Defendant to appear and so move.

Having determined that default judgment is procedurally warranted, the Court next considers the merits of Plaintiff's claims and determines whether those claims are supported by a sufficient basis in the Complaint.

### 2. Southern Pipe's Pleadings Support a Claim for Breach of Contract

"A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr.*, 515 F.2d at 1206). "A pleading supports a default judgment if it passes muster under Federal Rule of Civil Procedure 8." *Helena Agri-Enters., LLC*, 2023 WL 7713645, at *4 (citing *Wooten*, 788 F.3d at 498). Rule 8 requires only that the complaint make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Plaintiff Southern Pipe attaches to its Complaint an Employment Agreement between Southern Pipe and Defendant Chris Wiseman. Docket 1-1. The Complaint states that the Agreement contains non-compete and non-solicitation warranties. Docket No. 1 at 5. The Complaint further states that Defendant breached the Agreement by engaging in employment for one of Southern Pipe's competitors and soliciting or attempting to solicit

business from Southern Pipe's customers. *Id.* at 7. This sufficiently states a claim for breach of contract under Mississippi law.[1]

"Under Mississippi law, a plaintiff asserting any breach-of-contract claim has the burden to prove by a preponderance of the evidence (1) that a valid and binding contract exists; and (2) that the defendant has broken or breached it without regard to the remedy sought or the actual damage sustained." *White v. Jernigan Copeland Att'ys, PLLC*, 346 So. 3d 887, 896 (Miss. 2022) (quoting *Norman v. Anderson Reg'l Med. Ctr.*, 262 So. 3d 520, 527 (Miss. 2019)). The Complaint alleges facts sufficient to establish these elements for breach of the Employment Agreement.

Southern Pipe further seeks declaratory judgment from this Court, determining that the Employment Agreement "is valid, binding, and fully enforceable." Docket No. 8 at 7 (emphasis omitted). District courts can offer declaratory judgment in cases of default. *See, e.g., SUA Ins. Co. v. Buras*, No. 1:10-CV-33, Docket No. 13 (S.D. Miss. July 29, 2010) *aff'd* 421 Fed. App'x 384 (5th Cir. 2011) (per curiam). This is not necessary in this case. Defendant's first cause of action—breach of contract—necessarily requires that an enforceable agreement exist for a breach to occur. The Court determines that issuing the requested declaration is therefore duplicative and unnecessary here. This request is denied.

### 3.  Injunctive Relief is Appropriate, but Southern Pipe Must Prove its Costs

Southern Pipe requests entry of a permanent injunction and an award of the costs it incurred pursuing this action. The Court finds that injunctive relief is appropriate, but costs must be shown prior to entry of any award.

---

[1] The contract contains a choice of law provision. Docket 1-1 at 6 ("This Agreement shall be interpreted, construed, and governed according to the laws of the State of Mississippi").

Where appropriate, the Court may grant injunctive relief, when entering Default Judgment. *Twist & Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp. 2d 782, 785 (E.D. Tex. 2006) ("The court may issue an injunction as part of a default judgment."). The Court determines that such an injunction is appropriate here. Mississippi law recognizes as enforceable the type of non-compete and non-solicitation covenants presented in this case. *Bus. Commc'ns, Inc. v. Banks*, 91 So. 3d 1, 11 (Miss. Ct. App. 2011), *aff'd*, 90 So. 3d 1221 (Miss. 2012) ("[U]nder Mississippi law, covenants not to compete are valid and enforceable. Such covenants may be used to protect confidential information, trade secrets, proprietary information, customer lists, vendor relationships, business practices, and the employer's investment in training and education of an employee. The employee may not simply take such information to a competitor."). Further, the extension of the non-compete period requested—achieved by enforcing the length of the original non-compete period from the date of the entry of this Order, rather than from the date of employment termination—is contemplated by the Agreement, and granting this type of injunctive relief has been approved by the Mississippi Supreme Court. Docket No. 1-1 at 4; *Cascio v. Cascio Investments, LLC*, 327 So. 3d 59, 75 (Miss. 2021) ("[T]he injunction merely reflects the requirements found within [non-compete agreement], and therefore we conclude the injunction is valid.").

Finally, Plaintiff requests an award of costs, and the Employment Agreement authorizes recovery of costs in case of Defendant's breach. Docket No. 1-1 at 6. Plaintiff has yet to provide the Court with the information needed to calculate costs. Thus, Plaintiff is ordered to produce an affidavit or sworn declaration within 30 days of this Order, providing the Court with the information necessary to demonstrate costs.

## Conclusion

Based on the foregoing analysis of facts and legal principles, the Court concludes that the Plaintiff's Motion for Default Judgment requesting a permanent injunction should be and hereby is **GRANTED IN PART**. Accordingly, the Court orders as follows:

a) Defendant Chris Wiseman is enjoined from violating his Employment and Noncompetition Agreement with Southern Pipe by competing against Southern Pipe in the utilities plumbing or pipe supply business within a 125-mile radius of Southern Pipe's Nashville, Tennessee branch, for a period of two years from the entry of this Order.

b) During that same period, Defendant Chris Wiseman is enjoined from soliciting, calling on or accepting business from any customer of Southern Pipe with whom Wiseman had business contact during the two years immediately prior to Wiseman's departure from Southern Pipe.

**SO ORDERED**, this the 12th day of December 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE